Daniel C. Girard (State Bar No. 114826)
Eric H. Gibbs (State Bar No. 178658)
Adam E. Polk (State Bar No. 273000)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: dcg@girardgibbs.com
Email: aep@girardgibbs.com

*Attorneys for Individual and Representative Plaintiff Linda Boss*

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDA BOSS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>TARGET CORPORATION and TARGET BRANDS, INC.,<br><br>Defendants. | Case No. 4:15-cv-00855-YGR<br><br>CLASS ACTION<br><br>**PLAINTIFF BOSS'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>L.R. 3-12, 7-11<br><br>The Honorable Yvonne Gonzalez Rogers |
| PAUL DE LA TORRE and JOSHUA OGDEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>TARGET CORPORATION and TARGET BRANDS, INC.,<br><br>Defendants. | This document relates to:<br><br>Case No. 5:15-cv-00559-EJD<br><br>The Honorable Edward J. Davila |

| | |
|---|---|
| MELANIE BARBER, on behalf of herself, all others similarly situated and the general public,<br><br>Plaintiff,<br>vs.<br><br>TARGET CORPORATION, a Minnesota Corporation,<br><br>Defendant. | Case No. 4:15-cv-00568-JSW<br><br>The Honorable Jeffrey S. White |
| MARY FARRELL, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No. 3:15-cv-00635-MMC<br><br>The Honorable Maxine M. Chesney |

**TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 3-12, Plaintiff Linda Boss submits this administrative motion for the Court to consider whether *Boss v. Target Corp., et al.*, No. 4:15-cv-00855-YGR (N.D. Cal.), *Barber v. Target Corp.*, No. 4:15-cv-00568-JSW (N.D. Cal.), and *Farrell v. Target Corp.*, No. 3:15-cv-00635-MMC (N.D. Cal.) should be related to *De La Torre, et al. v. Target Corp., et al.*, No. 5:15-cv-00559-EJD (N.D. Cal.).[1] *De La Torre* was filed on February 5, 2015. *Barber*, *Farrell*, and *Boss* were filed on February, 5, 10 and 24, respectively.

Under Local Rule 3-12, cases are related when: "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12(a). Both criteria are satisfied.

The *Boss*, *Barber*, and *Farrell* cases are related to the *De La Torre* case because they involve substantially the same parties and concern all or a material part of the same subject matter. The cases are brought against the same Defendants, Target Corporation and Target Brands, Inc. (collectively "Target"),[2] on behalf of either nationwide or California[3] classes of persons who allegedly suffered injuries as a result of Target's mislabeling of certain herbal supplements it sold under its private "up & up" brand. The cases assert the same or substantially similar causes of action.[4]

---

[1] The *De La Torre*, *Barber*, *Farrell* and *Boss* complaints are attached hereto as Exhibits A-D respectively.

[2] The *Boss* and *De La Torre* actions name both Target Corporation and Target Brands, Inc. while the *Barber* and *Farrell* actions name Target Corporation alone.

[3] The *Boss* and *Barber* actions are brought on behalf of a nationwide class, the *Farrell* action is brought on behalf of a nationwide class and a California subclass, and the *De La Torre* action is bought on behalf of a California class. *Boss* Compl. ¶ 43; *Barber* Compl. ¶ 32; *Farrell* Compl. ¶ 39; *De La Torre* Compl. ¶ 42.

[4] Plaintiffs in the four cases assert claims for violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*; and the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* *Boss* Compl. ¶¶ 52-76; *Barber* Compl. ¶¶ 43-68; *Farrell* Compl. ¶¶ 60-81; *De La Torre* Compl. ¶¶ 54-110. Plaintiff in *Boss* also asserts claims for violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790, *et seq.* and negligence. *Boss* Compl. ¶¶ 77-85. Plaintiff in *Farrell* also asserts claims for violations of the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68, *et seq.*; the Minnesota False Statement in Advertisement Law, Minn. Stat. § 325F.67; negligent misrepresentation; intentional misrepresentation; breach of express warranty; breach of implied warranty of merchantability; breach of implied warranty of fitness; unjust enrichment; and, restitution. *Farrell*

The *De La Torre*, *Barber*, *Farrell*, and *Boss* cases are likely to require the determination of the same or similar questions of law and fact and thus call for substantially similar or duplicative discovery. Accordingly, a substantial duplication of labor is likely if the cases were to proceed before different judges. Assignment of these cases to a single District Judge will conserve judicial resources and promote efficient determination of the actions. Because each of the cases is in the preliminary stages of litigation, assignment to a single judge will not prejudice any of the parties.

In addition, on February 18, 2015, Plaintiff in *Barber* initiated Multidistrict Litigation ("MDL") Number 2622, *In re Target Corp. Herbal Supplements Marketing and Sales Practices Litigation*, by filing a Motion for Transfer of Actions to the Northern District of California for Consolidation of All Pretrial Proceedings Pursuant to 28 U.S.C. § 1407. MDL No. 2622, Dkt. No. 1. While the MDL is currently in its early stages, it is likely that the JPML will coordinate these cases and other cases asserting similar claims against these Defendants for pretrial proceedings.

Because the cases concern substantially the same parties and events and conducting the cases before different judges is likely to result in duplication of labor and conflicting results, Plaintiff respectfully requests that the Court relate *Boss v. Target Corp., et al.*, *Barber v. Target Corp.*, and *Farrell v. Target Corp.* to *De La Torre, et al. v. Target Corp., et al*.

Dated: March 9, 2015

**GIRARD GIBBS LLP**

By: /s/ Daniel C. Girard
Daniel C. Girard

Daniel C. Girard
Eric H. Gibbs
Adam E. Polk
601 California Street, 14th Floor
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: dcg@girardgibbs.com
Email: ehg@girardgibbs.com
Email: aep@girardgibbs.com

*Attorney for Individual and Representative Plaintiff Linda Boss*

Compl. ¶¶ 82-115. Plaintiffs in *De La Torre* also assert claims for breach of implied warranty of merchantability; breach of express warranty; and, unjust enrichment. *De La Torre* Compl. ¶¶ 111-127.

## CERTIFICATE OF SERVICE

I, Daniel C. Girard, hereby certify that on March 9, 2015, I caused the foregoing document to be filed electronically with the United States District Court for the Northern District of California through the Court's mandated ECF service. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document(s) upon confirmation of e-filing.

I also certify that I served the foregoing document on all parties in the related cases.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of May, 2015 at San Francisco, California.

*/s/ Daniel C. Girard*